UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BLACKMOSS INVESTMENTS INC., Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:07-cv-10528-RWS |
| Plaintiff, | CLASS ACTION |
| vs. | |
| ACA CAPITAL HOLDINGS, INC., et al., | |
| Defendants. | |
| ANDREW F. ROSE, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:08-cv-00253-UA |
| Plaintiff, | CLASS ACTION |
| vs. | |
| ACA CAPITAL HOLDINGS, INC., et al., | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF THE MOTION OF GUIDO BERGAMINI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court are two-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired ACA Capital Holdings, Inc. ("ACA Capital" or the "Company") shares between November 2, 2006 and November 20, 2007, inclusive (the "Class Period"), including all persons who purchased the common stock of ACA Capital pursuant and/or traceable to the Company's initial public offering ("IPO") on or about November 10, 2006, and allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Guido Bergamini hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Guido Bergamini as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Guido Bergamini's selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Abraham Fruchter & Twersky LLP ("Abraham Fruchter") to serve as Lead Counsel.

This motion is made on the grounds that Guido Bergamini is the most adequate plaintiff, as defined by the PSLRA. Guido Bergamini suffered losses of $34,403.39 in connection with his purchases of shares of ACA Capital stock during the Class Period. *See* Alba Decl. Ex. B.[1] In addition, Guido Bergamini, for the purposes of this motion, adequately satisfies the requirements of

---

[1]   References to the "Alba Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. dated January 22, 2008, and submitted herewith.

Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND

ACA Capital is a holding company that provides financial guaranty insurance products to participants in the global credit derivative, structured finance capital, and municipal finance capital markets.

The complaints on file charge ACA Capital and certain of its officers and directors with violations of the Securities Act and the Exchange Act. On or about November 9, 2006, ACA Capital priced its IPO of 6,875,000 shares of newly issued common stock and 23,541 shares of existing common stock at $13 per share, generating gross proceeds of $89.4 million. The Registration Statement for the IPO described positively ACA Capital's business and the Company's collateralized debt obligation ("CDO") asset management business. The complaints allege that the Registration Statement for the IPO contained inaccurate statements of material fact because it failed to disclose that the Company's CDO assets were materially impaired and overvalued.

Then, on November 19, 2007, after the market closed, the Company announced the full extent of its collateralized debt impairment, the probability that its credit rating would be cut, and the likelihood that it would be unable to post collateral on various debt obligations. Upon this news, on the next trading day, shares of the Company's stock fell to $1.10 per share.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated For All Purposes

The Actions assert class claims on behalf of the purchasers of ACA Capital securities for alleged violations of the Securities Act and/or Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are brought by investors who purchased ACA Capital securities during the relevant time period in reliance on the

integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of ACA Capital securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Guido Bergamini Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Blackmoss Investments* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on November 21, 2007. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Guido Bergamini Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. Guido Bergamini Has Complied With the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on January 22, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on November 21, 2007), Guido Bergamini timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Guido Bergamini has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class. *See* Alba Decl. Ex. C. In addition, Guido Bergamini has selected and retained competent counsel to represent him and the class. *See* Alba Decl. Exs. D-E. Accordingly, Guido Bergamini has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b.  Guido Bergamini Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl. Ex. C., Guido Bergamini purchased shares of ACA Capital stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Guido Bergamini incurred a substantial $34,403.39 loss on his transactions in ACA Capital shares. Guido Bergamini thus has a significant financial interest in this case. Therefore, Guido Bergamini satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c.  Guido Bergamini Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715 (DHC), 1997

U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997). Guido Bergamini satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Guido Bergamini satisfies this requirement because, just like all other class members, he: (1) purchased ACA Capital shares during the Class Period; (2) purchased ACA Capital shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Mr. Bergamini's claim is typical of those of other class members since his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of

Guido Bergamini to represent the class to the existence of any conflicts between the interests of Mr. Bergamini and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Guido Bergamini is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Bergamini, who purchased ACA Capital shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Mr. Bergamini are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Bergamini's interest and those of the other members of the class. Further, Mr. Bergamini has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Mr. Bergamini's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Guido Bergamini *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Guido Bergamini's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Guido Bergamini has selected the law firms of Coughlin Stoia and Abraham Fruchter as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Alba Decl. Exs. D-E. Accordingly, the Court should approve Guido Bergamini's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Guido Bergamini respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Guido Bergamini as Lead Plaintiff in the Actions; (iii) approve his selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  January 22, 2008						COUGHLIN STOIA GELLER
									  RUDMAN & ROBBINS LLP


								       /s/ *Mario Alba Jr.*
									MARIO ALBA JR.

								SAMUEL H. RUDMAN
								DAVID A. ROSENFELD
								MARIO ALBA JR.
								58 South Service Road, Suite 200
								Melville, NY  11747
								Telephone:  631/367-7100
								631/367-1173 (fax)

								ABRAHAM FRUCHTER & TWERSKY LLP
								JACK G. FRUCHTER
								One Pennsylvania Plaza, Suite 2805
								New York, NY  10119
								Telephone:  212/279-5050
								212/279-3655 (fax)

								[Proposed] Lead Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Mario Alba Jr.*
MARIO ALBA JR.

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail:MAlba@csgrr.com

ACA CAPITAL

Service List - 1/18/2008    (07-0258)

Page 1 of 1

**Counsel For Defendant(s)**

Legal Department
ACA Capital Holdings, Inc.
140 Broadway
New York, NY 10005
   212/375-2000

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
   212/279-5050
   212/279-3655 (Fax)

Lynda J. Grant
Catherine A. Torell
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 13th Floor
New York, NY 10022
   212/838-7797
   212/838-7745 (Fax)

Steven J. Toll
S. Douglas Bunch
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC 20005-3964
   202/408-4600
   202/408-4699 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY 11747
   631/367-7100
   631/367-1173 (Fax)