UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BLACKMOSS INVESTMENTS INC., Individually and On Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 07-cv-10528 <br><br> CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| ACA CAPITAL HOLDINGS, INC., et al., | : : | |
| Defendants. | : : | |
| ANDREW F. ROSE, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:08-cv-00253 <br><br> CLASS ACTION |
| Plaintiff, | : : | |
| vs. | : : | |
| ACA CAPITAL HOLDINGS, INC., et al., | : : | |
| Defendants. | : : | |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF GUIDO
BERGAMINI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF SELECTION OF LEAD COUNSEL AND IN OPPOSITION TO THE
COMPETING MOTION

Guido Bergamini respectfully submits this memorandum of law in further support of his motion for consolidation, for appointment as Lead Plaintiff and for approval of his selection of Lead Counsel and in opposition to the competing motion.

## I. PRELIMINARY STATEMENT

On January 22, 2008, motions were filed by: (i) Guido Bergamini; and (ii) Ramesh Gandi and Hyman Silverglad (the self-styled "Individual Investor Group"), each one seeking consolidation of the related actions, appointment of the respective movant as Lead Plaintiff and approval of each movant's selection of Lead Counsel.

Both movants agree that the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members" in this litigation. 15 U.S.C. §78u-4(a)(3)(B)(i). There is also no dispute that, pursuant to the PSLRA, the presumptively most adequate plaintiff is the one that (1) "has the largest financial interest in the relief sought by the class," and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)-(cc).

With a financial interest of $34,403.39, Mr. Bergamini clearly has the largest financial interest in this litigation. Indeed, his financial interest *alone* is substantially greater than the *combined* financial interest of the Individual Investor Group. Moreover, as detailed herein, Mr. Bergamini satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. As such, Mr. Bergamini is the presumptive Lead Plaintiff and his motion should be granted.

Accordingly, for these reasons, and as described more fully below and in Mr. Bergamini's prior submission, Mr. Bergamini should be appointed Lead Plaintiff, his choice of Lead Counsel should be approved and the competing motions should be denied.

## II.   ARGUMENT

### A.   The Procedures Required by the PSLRA for the Appointment of Lead Plaintiff

Section 21D of the PSLRA provides that in securities class actions, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. §78u-4(a)(3)(B)(i). In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that has either filed the complaint or made a motion in response to a notice ... in the determination of the court, has the *largest financial interest* in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). [Emphasis added.]

As set forth herein, Mr. Bergamini is the presumptive Lead Plaintiff and none of the other movants can offer any type of proof to rebut that presumption. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (stating that "proof" is required to rebut the presumption afforded to the presumptive lead plaintiff).

#### 1.   Guido Bergamini Has the Largest Financial Interest in This Litigation

Courts have stated that the most important factor in determining lead plaintiff is the second statutory requirement, i.e., the amount of financial interest claimed. *See Goldberger v. PXRE Group, Ltd.*, Case No. 06-cv-3410 (KMK), 2007 U.S. Dist. LEXIS 23925, at *8 (S.D.N.Y. Mar. 30, 2007). While the PSLRA does not specify how to decide which plaintiff has the "largest financial interest" in the relief sought, it is often determined most simply by which potential lead plaintiff has suffered the greatest total losses. *See In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005). The

size of a movant's losses are either calculated using the "first-in/first-out" ("FIFO")[1] method or the "last-in/first-out" ("LIFO")[2] method.[3] Regardless of which methodology is used here, Mr. Bergamini has the largest financial interest.

### 2.    Guido Bergamini Satisfies the Requirements of Rule 23

Under the PSLRA, once a court finds that a movant has the largest financial interest in the litigation and is otherwise adequate and typical, as is the case with Mr. Bergamini here, the court must appoint that plaintiff as Lead Plaintiff unless the court finds that the movant has not made a *prima facie* showing of adequacy and typicality. *See Sofran v. LaBranche*, 220 F.R.D. 398 (S.D.N.Y. 2004) (Sweet, J.); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). In this regard, the court in Cavanaugh stated:

> [A] straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732.

Mr. Bergamini satisfies the typicality and adequacy requirements of Rule 23. Mr. Bergamini's claims are typical of the claims of the rest of the class because, just like all other class

---

[1]    Under the "first-in/first-out" ("FIFO") method, shares sold during the Class Period are matched with the first shares held or purchased at the beginning of the Class Period, whichever comes first.

[2]    Under the "last-in/first-out" ("LIFO") method, a plaintiff's sales of the defendant's stock during the Class Period are matched against the last shares purchased, resulting in an off-set of Class Period gains from a plaintiff's ultimate losses.

[3]    Movant does not advocate a certain method to calculate loss because under FIFO or LIFO, the losses are the same for all movants.

members, he purchased ACA Capital common stock during the Class Period in reliance upon the allegedly materially false and misleading statements issued by Defendants and suffered damages thereby.  Thus, Mr. Bergamini's claims are typical of those of other class members since his claims "'arise from the same course of events.'" *See Sofran,* 220 F.R.D. at 402 (internal citations omitted).

Mr. Bergamini is also an adequate representative of the Class.  As evidenced by the injuries that he suffered, by purchasing ACA Capital common stock at prices allegedly artificially inflated by Defendants' materially false and misleading statements, Mr. Bergamini's interests are clearly aligned with the interests of the members of the class, and there is no evidence of any antagonism between Mr. Bergamini's interests and those of the other members of the class.

Additionally, Mr. Bergamini has taken significant steps which demonstrate that he will protect the interests of the class: he has retained highly qualified and experienced counsel to prosecute these claims.  In that regard, Mr. Bergamini has selected the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Abraham Fruchter & Twersky LLP ("Abraham Fruchter") to serve as Lead Counsel.  Coughlin Stoia and Abraham Fruchter have substantial experience in the prosecution of shareholder and securities class actions and have successfully worked together in representing shareholder classes in other actions.  Thus, Mr. Bergamini *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Accordingly, Mr. Bergamini should be appointed as Lead Plaintiff because his losses are larger than any other Lead Plaintiff movant, and he is otherwise adequate and typical for the purposes of this motion.

## III. CONCLUSION

For all the reasons stated herein, Guido Bergamini's motion for consolidation, appointment as Lead Plaintiff and for approval of his selection of Lead Counsel should be granted and the competing motion should be denied.

DATED: February 8, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.

/s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ABRAHAM FRUCHTER & TWERSKY LLP
JACK G. FRUCHTER
One Pennsylvania Plaza, Suite 1910
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)

Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail: DRosenfeld@csgrr.com

ACA CAPITAL
Service List - 1/23/2008    (07-0258)
Page 1 of 1

**Counsel For Defendant(s)**

Stephanie Goldstein
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004-1980
  212/859-8000
  212/859-4000 (Fax)

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
  212/279-5050
  212/279-3655 (Fax)

Lynda J. Grant
Catherine A. Torell
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 13th Floor
New York, NY  10022
  212/838-7797
  212/838-7745 (Fax)

Steven J. Toll
S. Douglas Bunch
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
  202/408-4600
  202/408-4699 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)