UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

BLACKMOSS INVESTMENTS, INC., Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

-against-

ACA CAPITAL HOLDINGS, INC., et al.,

Defendants.

Civil Action No. 07 Civ. 10528 (RWS)

CLASS ACTION

-------------------------------------X

ANDREW F. ROSE, Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

-against-

ACA CAPITAL HOLDINGS, INC., et al.,

Defendants.

Civil Action No. 08 Civ. 253 (RWS)

CLASS ACTION

-------------------------------------X

A P P E A R A N C E S:

Attorneys for Class Member Guido Bergamini

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
By: Samuel H. Rudman, Esq.
David A. Rosefeld, Esq.
Mario Alba, Jr., Esq.

ABRAHAM FRUCHTER & TWERSKY LLP
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
By: Jack G. Fruchter, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/08

**Sweet, D.J.**

## I. INTRODUCTION

Presently pending before the Court are two related securities class actions (the "Actions") brought on behalf of all persons who purchased or otherwise acquired ACA Capital Holdings, Inc. ("ACA Capital" or the "Company") shares between November 2, 2006 and November 20, 2007, inclusive (the "Class Period"), including all persons who purchased the common stock of ACA Capital pursuant and/or traceable to the Company's initial public offering ("IPO") on or about November 10, 2006. The complaints allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder.

On January 22, 2008, class member Guido Bergamini moved the Court for an order to (i) consolidate the Actions, (ii) appoint Bergamini as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D(a)(3)(B) of the Exchange Act, and (iii) approve his selection of the law firms

of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Abraham Fruchter & Twersky LLP ("Abraham Fruchter") to serve as Lead Counsel.

Also on January 22, 2008, a similar motion was filed by Ramesh Gandi and Hyman Silverglad (collectively, the "Individual Investor Group"). On February 8, 2008, the Individual Investor Group filed a Response to the Competing Motion for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel, indicating that it does not oppose Bergamini's motion.

For the reasons set forth below, the Actions are consolidated, Bergamini is appointed Lead Plaintiff, and Coughlin Stoia and Abraham Fruchter are appointed Lead Counsel. The Court reserves the ability to alter this structure at any time and for any reason, and will do so if it finds that the progress of the litigation is being delayed, that expenses are being unnecessarily enlarged, or if the structure established proves detrimental, in any way, to the best interests of the proposed class.

## II. FACTUAL ALLEGATIONS

According to the complaints, ACA Capital is a holding company that provides financial guaranty insurance products to participants in global credit derivative, structured finance capital, and municipal finance capital markets.

The complaints charge that on or about November 9, 2006, ACA Capital priced its IPO of 6,875,000 shares of newly issued common stock and 23,541 shares of existing common stock at $13.00 per share, generating gross proceeds of $89.4 million. The Registration Statement for the IPO described positively ACA Capital's business and the Company's collateralized debt obligation ("CDO") asset management business. The complaints allege that the Registration Statement for the IPO contained inaccurate statements of material fact because it failed to disclose that the Company's CDO assets were materially impaired and overvalued.

On November 19, 2007, after the market closed, the Company announced the full extent of its collateralized debt impairment, the probability that its credit rating would be cut, and the likelihood that it would be unable to post collateral on

various debt obligations. On the next trading day, shares of the Company's stock fell to $1.10 per share.

**III. THE ACTIONS ARE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions . . . ." Id.

Consolidation is appropriate where actions before the Court involve common questions of law or fact. See Fed. R. Civ. P. 42(a). These two putative class actions seek relief on behalf of similar classes based on the same series of events. Both claim violations of Sections 11, 12(a)(2) and 15 of the Securities Act (the later complaint adds claims under the Exchange Act). As such, the cases are well-suited for consolidation.

## IV. BERGAMINI IS APPOINTED LEAD PLAINTIFF

### A. The PSLRA Procedure

The PSLRA establishes a statutory presumption that a party is the most adequate plaintiff on a showing that it:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a member of the purported class that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**B. Bergamini is Appointed Lead Plaintiff**

Bergamini has made a motion in response to notice, and has the largest financial stake in the relief sought by the class of any movant. No member of the purported class has put forward any proof that Bergamini will not fairly and adequately protect the class, or that he is subject to unique defenses. Bergamini is therefore the presumptive lead plaintiff, provided that he can meet the requirements of Rule 23.

Rule 23(a) provides that one or more members of a class may sue on behalf of the class if:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met. Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 252 (S.D.N.Y. 2003); In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999) ("A wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." (quoting

Fischler v. AMSouth Bancorporation, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. 1997)) (alteration in original)).

### 1. ***Typicality***

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). However, the claims of the class representative need not be identical those of all members of the class. "[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members." Bishop v. N.Y. City Dep't of Housing Pres. & Dev., 141 F.R.D. 229, 238 (2d Cir. 1992). Bergamini purports to have purchased 7,500 shares of ACA Capital shares during the class period, and to have suffered losses of $34,403.39. See Declaration of Mario Alba Jr. in Support of the Motion of Guido Bergamini for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel ("Alba Decl."), Ex. B. There are no facts before the Court that suggest that

Bergamini's claims are atypical of those of other putative class members.

### *2. Adequacy*

"In evaluating adequacy, courts have assessed factors such as: (1) the size, available resources and experience of the proposed lead plaintiff, (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." Vanamringe v. Royal Group Technologies Ltd., 237 F.R.D. 55, 58 (S.D.N.Y. 2006) (citations omitted). Bergamini has indicated in his certification his willingness to serve as Lead Plaintiff. See Alba Decl., Ex. C. At this stage of the proceedings, there are no apparent potential conflicts between Bergamini and other class members.

### **D. Selected Counsel Are Approved**

Bergamini has selected the law firms of Coughlin Stoia and Abraham Fruchter as Lead Counsel. These firms have substantial experience in the prosecution of shareholder and securities class actions. Both firms are qualified to serve as lead counsel to the class.

## V. CONCLUSION

The motion for consolidation, appointment as lead plaintiff, and for approval of selection of lead counsel is granted.

It is so ordered.

**New York, N.Y.**
**August 6 , 2008**

**ROBERT W. SWEET**
**U.S.D.J.**